UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRYONE HEAD, JR. et al                                    CIVIL ACTION

VERSUS                                                    NO: 10-00354

NATIONWIDE INSURANCE COMPANY,                             SECTION "C"(1)
et al.

ORDER AND REASONS[1]

This matter comes before the Court on Defendants' Motion in Limine to allow use of Plaintiff's ("Head") prior employment discipline records during cross-examination. (Rec. Doc. 94). Having considered the record, the memoranda of counsel and the law, the Court has determined that Defendants' Motion in Limine should be GRANTED for the following reasons.

**I. Background**

In May 2009, Head, a Wal-Mart employee, was allegedly sleeping in the sleeping compartment of a 2006 International Tractor-Trailer owned by Wal-Mart Transportation, L.L.C.. This vehicle was parked in a Wal-Mart parking lot as Head slept. Defendant Bruce Wilson, ("Wilson") drove a 2007 International Tractor-Trailer owned by Crescent City into the parking lot. Wilson allegedly maneuvered the tractor-trailer to the left and struck Plaintiff's vehicle. Head was then thrown about within his vehicle as a result of the collision. Head argues that he suffered and continues to suffer various physical and emotional injuries as a result of this incident.

Defendants seek inclusion of Plaintiff's past disciplinary action for falsifying his driving

---

[1] Helen Meaher, a third year law student at Tulane University School of Law assisted in preparing this document.

logs to his employer, which resulted in Head receiving a one-day suspension. ( Rec. Doc. 94). Defendants argue that the jury should hear this information in order to determine if Head is credible.

## II. Law and Analysis

Federal Rule of Evidence 608(b) states:

"specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified." Fed. R. Evid. 608(b).

Plaintiffs argued that the use of Head's prior discipline evidence should be excluded under Federal Rule of Evidence 403, which states "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Courts have broad discretion in assessing admissibility under Fed. R. Evid. 403. *United States v. O'Keefe,* 426 F.3d 274, 280 (5th Cir. 2005). Furthermore, Courts must apply Rule 403 to determine whether the evidence is admissible under Rule 608 (b). *Williams v. Chevron U.S.A., Inc.*, 875 F. 2d 501, 504 (5th Cir. 1989) (citing to Advisory Committee Note to Rule 608 (b)).    The Court finds that the evidence of Head's prior discipline for falsifying his driving logs should not be excluded under Rule 403 because this evidence is not unduly prejudicial and it is substantially probative of Head's truthful character. Falsifying his driving logs is a serious offense and demonstrates evidence of Head's reputation for truthfulness. Head's income from Wal-Mart was based on his driving logs, so it was evident that Head attempted to receive more compensation by manipulating

his driving logs. Therefore, Head's willingness to lie in order to receive financial benefit is highly probative of whether Head is telling the truth in the present case. Moreover, the probative value of this evidence outweighs any risk of undue prejudice. Despite the Plaintiff's opposition, Head's suspension is not remote in time as it occurred at most three (3) years before the accident, as Head had only been employed with Wal-Mart for a little over three (3) years at the time of the accident. Furthermore, Head will have the opportunity to explain that this disciplinary action occurred only once, and he has not received further discipline from Wal-Mart.

### III. Conclusion

Accordingly,

IT IS SO ORDERED that Defendants' Motion in Limine is GRANTED.

New Orleans, Louisiana, this 14th day of February, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE